The intersectional collision from which this suit results took place at about 7:25 o'clock p.m. on September 15, 1942 at the corner of No. Claiborne Avenue and Alvar Street in New Orleans. At that point Claiborne Avenue has no natural ground. Both that Avenue and Alvar Street are paved and on both vehicles are permitted to operate in both directions. By the traffic Ordinance of the City of New Orleans, No. 13,702, as amended, vehicles on Claiborne Avenue are given the right of way over those on Alvar Street, and at that corner are stop signs which warn drivers on the latter street that they must bring their cars to a stop before crossing Claiborne Avenue.
Plaintiff, Authement, was driving his Pontiac automobile up Claiborne Avenue from the lower section of the city toward Canal Street, and the Ford of Mrs. Stella Hays was being driven by her daughter, Miss Dorothy Hays, out Alvar Street towards Lake Pontchartrain. Thus, as the two vehicles neared the intersection the Authement Pontiac approached from the right of the Hays' Ford.
Authement charges that the accident was caused by negligence on the part of Miss Hays; that she was operating the car as the agent of her mother who was also in the car, and that, therefore, she and her *Page 183 
mother are solidarily liable for the damage sustained by his automobile. He prays for judgment against them in the sum of $137.32. He sets forth the following as faults of which Miss Hays was guilty: that before entering the intersection she failed to stop as she should have done in compliance with the City Traffic Ordinance, and particularly because of the stop sign at that corner; that she failed to keep a proper look-out for automobiles on Claiborne Avenue; that she operated the Ford recklessly and at an unlawful rate in excess of the legal speed limit, and that she did not accord to petitioner the right of way to which he was entitled not only because he was on the preferred street but also because of the fact that his car approached the Hays' car from its right.
Defendants deny all liability on their part, averring particularly that Miss Hays' Ford was brought to a full stop before it entered the intersection and averring, too, that Authement himself was entirely to blame. They charge that he failed to stop his car as he reached Alvar Street notwithstanding the fact that the Hays' Ford had already entered and preempted the intersection. They also assert that he did not have his car under control and did not reduce its speed as he approached and entered the zone of danger, and they assert that if it appears that Miss Hays was in any way at fault, that fault was not the proximate cause of the accident and that the true cause was the contributory negligence of Authement, himself.
There was judgment below dismissing plaintiff's suit as in case of nonsuit. He has appealed and defendants have answered his appeal asking that the judgment of nonsuit be amended and made one of absolute dismissal.
Those in the Hays car all testify that as that car reached the intersection it was brought to a complete stop, whereas the occupants of the other car and a pedestrian who was on the corner looking at the Hays' car as it approached, all say that it not only did not stop but that it entered the intersection at a rate of speed considerably above that permitted by the traffic ordinance.
It is shown that after the accident the Hays car swerved to its left, completely crossed Alvar Street and that all four wheels mounted the sidewalk on the upper side of Alvar Street. Miss Hays and her uncle, who was in the car, testify that this resulted from the fact that she became confused and lost control of the car. If she was going at the very slow rate of speed at which she says she was travelling, and if she brought the car to a full stop just before she entered the intersection, we cannot understand how the car could have moved so far after the accident and could have mounted the sidewalk. She says that during the entire trip the speed of her car had never exceeded 8 or 10 miles an hour, and that is such an unusually low speed that we have difficulty in accepting that statement. Plaintiff, on the other hand, says that as he approached the corner he knew that there was a stop sign and that because of it the other car should have been brought to a stop before entering the intersection. He says that when he saw the other car it was approaching at a fairly high speed but that it was so far away that it could easily have stopped at the traffic sign and that, therefore, since he had the right of way, he did not attempt to reduce the speed of his car and that just before he reached the intersection, when he could no longer stop, he noticed that the speed of the other car was not being reduced and that then for the first time he applied his brakes and attempted to stop his car and swerved it to the right. This testimony is corroborated by other witnesses, and we believe from the record that it paints the true picture of what occurred. Though it appears from the photographs that the Authement car struck the Ford just about at the middle of the door, this fact does not weigh heavily against Authement because the record convinces us that he was going at a rather moderate speed and had every reason to anticipate that the Hays car could be brought to a stop, when suddenly, without stopping it speeded into the intersection and into his path.
While it is true that because of Article V, Section 15 (a) of the Traffic Ordinance of the City of New Orleans, No. 13,702 C.C.S., a vehicle which preempts an intersection should be permitted to proceed, this does not mean that such a driver, who has not the right of way, may dash into such an intersection and, merely because his greater speed has put his car in front of the other, claim that he has preempted the intersection.
We think that the accident was caused by the negligence of Miss Hays and, therefore, the judgment should be reversed and there should be judgment in favor of *Page 184 
plaintiff and against Miss Hays and her mother, solidarily.
Fortunately, the damage sustained by the Authement car was not great. Plaintiff produced the bill for $137.32 and says that he has paid it.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there now be solidary judgment in favor of Camille Authement and against Mrs. Stella Hays and Miss Dorothy Hays for $137.32, with interest from judicial demand, and for all costs.
Reversed.